IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARTER PAGE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>DEMOCRATIC NATIONAL COMMITTEE;<br>DNC SERVICES CORPORATION;<br>PERKINS COIE LLP; MARC ELIAS; AND<br>MICHAEL SUSSMANN,<br><br>        Defendants. | Case No. 1:20-CV-00671<br><br>Hon. Harry D. Leinenweber |

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

  Defendants Democratic National Committee, DNC Services Corporation, Perkins Coie LLP, Marc Elias, and Michael Sussmann (collectively, "Defendants") hereby respectfully request leave to submit the attached June 4, 2020 opinion by the Supreme Court of Illinois in *Rios v. Bayer Corp. et al.*, 2020 IL 125020 (attached as Exhibit 1) in support of Defendants' pending Motion to Dismiss the Complaint of Plaintiffs Carter Page, Global Energy Capital LLC, and Global Natural Gas Ventures LLC (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) (Dkt. No. 26). Among other things, Defendants have moved for dismissal under Rule 12(b)(2) based on Plaintiffs' failure to plead facts sufficient to support the exercise of either general or specific personal jurisdiction. The *Rios* Court analyzed issues central to Defendants' jurisdictional arguments, and its holding is persuasive authority this Court can consider in resolving the jurisdictional inquiry. *See Philos Techs., Inc. v. Philos & D, Inc.,* 802 F.3d 905, 912 (7th Cir. 2015) ("District courts exercising diversity jurisdiction apply the personal jurisdiction rules of the state in which they are located."); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (acknowledging that although "state court precedent . . . on matters

of federal law," including personal jurisdiction, is not "binding" on federal courts, it can nonetheless be "persuasive authority"); *see also Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 746 n.5 (N.D. Ill. 2016) (noting that "jurisdiction under the Illinois long-arm statute is essentially coextensive with federal due process requirements"), *aff'd*, 852 F.3d 687 (7th Cir. 2017).

In *Rios*, the Illinois Supreme Court held that federal law mandated dismissal of the nonresident plaintiffs' claims against nonresident defendants for want of specific personal jurisdiction, where the plaintiffs failed to allege any connection between their specific claims and Illinois. The *Rios* Court found that the defendants' limited in-state activities were not "jurisdictionally relevant links between [the plaintiffs'] claims and Illinois." 2020 IL 125020, ¶ 28 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of California*, 137 S. Ct. 1773, 1782 (2017)). The *Rios* Court further held that it would not be reasonable for the nonresident plaintiffs' claims to proceed in this forum, because Illinois "has no particular interest in resolving claims that did not arise out of or relate to" in-state activities and the nonresident plaintiffs failed to explain how Illinois would be a convenient forum in which to adjudicate their claims. *Id.* ¶ 31.

Accordingly, *Rios* supports Defendants' argument that the lack of any meaningful nexus between Plaintiffs' claims and Illinois forecloses the exercise of personal jurisdiction over Defendants and requires dismissal of this action. *See* Dkt. No. 27 at 8-14.

Dated: June 10, 2020

Respectfully submitted,

/s/ Terra Reynolds_____
Terra Reynolds (Bar No. 6278858)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

terra.reynolds@lw.com

Stephen P. Barry (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
stephen.barry@lw.com

Nicholas L. McQuaid (admitted *pro hac vice*)
Matthew S. Salerno (admitted *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue,
New York, N.Y. 10022
Telephone: (212) 906-1200
nicholas.mcquaid@lw.com
matthew.salerno@lw.com

*Counsel for Defendants*