```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| **CARTER PAGE; GLOBAL ENERGY CAPITAL LLC; and GLOBAL NATURAL GAS VENTURES LLC,**<br><br>        **Plaintiffs,**<br><br>        v.<br><br>**DEMOCRATIC NATIONAL COMMITTEE; DNC SERVICES CORPORATION; PERKINS COIE LLP; MARC ELIAS; and MICHAEL SUSSMAN,**<br><br>        **Defendants.** | Case No. 20 C 671<br><br>Judge Harry D. Leinenweber |

## ORDER

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) & 12(b)(6). (Dkt. No. 26.) For the reasons stated herein, the Motion is granted.

## STATEMENT

Plaintiff Carter Page is a foreign policy scholar and businessman domiciled in Oklahoma who served as a member of Donald Trump's foreign policy advisory committee in 2016. (Compl. ¶¶ 2 & 31, Dkt. No. 1.) Page is the sole member of Plaintiff Global Energy Capital LLC, an Oklahoma LLC, and Plaintiff Global Natural Gas Ventures LLC, a New York LLC. (*Id.* ¶¶ 11–13.)

Defendant Democratic National Committee is a national committee (as defined by 52 U.S.C. § 30101(14)) with its principal place of business in Washington D.C. (*Id.* ¶ 14.) The Democratic National Committee is registered with the Federal Election Commission as DNC Services Corp./Dem. Services Corp., and it

operates through Defendant DNC Services Corporation, a Washington D.C. not-for-profit corporation with its principal place of business in Washington D.C. (*Id.*) Because the Democratic National Committee undertakes most of its business and financial activities through DNC Services Corporation, the Court collectively refers to both entities as the "DNC." (*Id.*) Defendant Perkins Coie LLP ("Perkins Coie") is a law firm organized as a Limited Liability Partnership with its principal place of business in Seattle, Washington. (*Id.* ¶ 15; Mot. at 11, Dkt. No. 27.) Individual Defendants Marc Elias and Michael Sussman are Perkins Coie partners domiciled in Washington D.C. (Compl. ¶¶ 16–17.)

On January 30, 2020, Plaintiffs filed their Complaint alleging defamation, false light, tortious interference with prospective economic advantage, and conspiracy. According to the Complaint, the DNC and its attorneys, Perkins Coie, retained Fusion GPS, a commercial research and strategic intelligence firm based in Washington D.C., and Christopher Steele, a private investigator, to dig up dirt on then presidential candidate Donald Trump. In return for substantial financial payments, the Defendants received the notorious Steele Dossier, which Plaintiffs allege Defendants subsequently distributed for publication. This Dossier stated that Page traveled to Russia and met with two of Vladimir Putin's close allies to discuss lifting United States sanctions imposed on Russia by the Obama administration. The Complaint alleges this was false and caused Plaintiffs emotional and financial damages.

Defendants move to dismiss Plaintiffs' Complaint for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2), improper venue under FED. R. CIV. P. 12(b)(3), and failure to state a claim under FED. R. CIV. P. 12(b)(6). (Dkt. No. 26.) In reviewing these challenges, the Court resolves all factual disputes in Plaintiffs'

favor. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006). The Court need only address personal jurisdiction to resolve this Motion.

### A. Personal Jurisdiction

When a defendant challenges personal jurisdiction under FED. R. CIV. P. 12(b)(2), the plaintiff bears the burden of proving that jurisdiction exists. *Purdue Res. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "Where, as here, the Court rules on a motion to dismiss for lack of personal jurisdiction based on the submission of written materials—and not based on evidence presented at an evidentiary hearing—the plaintiff 'need only make out a *prima facie* case of personal jurisdiction.'" *Bentel & Co., LLC v. Schraubenwerk Zerbst GmbH*, No. 16 C 11479, 2017 WL 3278324, at *4 (N.D. Ill. Aug. 2, 2017) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). In determining whether personal jurisdiction exists, the Court can look beyond the pleadings. *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008). But any showing of jurisdiction must be "based on specific facts set forth in the record, rather than . . . conclusory allegations." *Hub Grp., Inc. v. PB Express, Inc.*, No. 04 C 3169, 2004 U.S. Dist. LEXIS 20846, at *3–*4 (N.D. Ill. Oct. 14, 2004) (citing *Purdue*, 338 F.3d at 782 n.13).

A "court's exercise of personal jurisdiction may be limited by the applicable state statute or the federal Constitution; the Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause, so here the state statutory and federal constitutional inquiries merge." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (internal citation omitted). A court may "exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with [the State] such that the maintenance

of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quotations and citations omitted). There are two kinds of personal jurisdiction: general or all-purpose jurisdiction and specific or case-linked jurisdiction.

### 1. *General Jurisdiction*

General jurisdiction exists where a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home"—that is, the corporation's place of incorporation and principal place of business. *Id.* at 924 (citations omitted); *Daimler*, 571 U.S. at 137. It is "an exceptional case" when a defendant's contacts with a forum other than its paradigmatic "home" are "so substantial and of such a nature as to render [the defendant] at home in that State." *Daimler*, 571 U.S. at 139 n.19; *see also id.* at 130 n.8 (suggesting that *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) exemplified such a case because war forced the defendant corporation to temporarily relocate from the Philippines to Ohio, which became "the center of the corporation's wartime activities," meaning suit was proper there).

Plaintiffs claim the Court has general jurisdiction over Perkins Coie and the DNC. As to Perkins Coie, Plaintiffs argue that, because the firm maintains its third largest office in Chicago, its "prominent physical presence" is sufficient for general jurisdiction. (Resp. at 19, Dkt. No. 41.) Plaintiffs further allege that Perkins Coie owns and manages Perkins Coie

LLC, an Illinois LLC with its principal office in Chicago, whose membership in the Perkins Coie partnership is indicative of continuous and systematic contacts with Illinois.

Although Plaintiffs describe Perkins Coie LLC as an Illinois LLC, it is actually a Delaware LLC managed from Washington, D.C., and registered to do business in Illinois. (Illinois Secretary of State, Certificate of Good Standing (Feb. 4, 2020), Mot. Ex. 1, Dkt. No. 27-1.) *See Suarez c. Kwoks Int'l Trading, Inc.*, No. 05 C 6979, 2007 WL 2874216, at *3 n.3 (N.D. Ill. Sept. 25, 2007) (taking judicial notice of a Certificate of Good standing issued by the Illinois Secretary of State). Regardless, this emphasis suggests that general jurisdiction hinges on the individual citizenship of Perkins Coie's limited liability partners. It does not. Rather, the test is whether Perkins Coie is "at home" in Illinois. *See Mizrachi v. Ordower*, No. 17 C 8036, 2019 WL 918478, at *2 (N.D. Ill. Feb. 25, 2019) (applying the "at home" test to determine personal jurisdiction over a limited liability partnership law firm). The fact that a Perkins Coie partner may do business in Illinois does not make Perkins Coie "at home" in Illinois.

The "at home" test calls for "an appraisal" of Perkins Coie's "activities in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at 139 n.20 (noting an entity "that operates in many places can scarcely be deemed at home in all of them"). Thus, a company's "prominent physical presence" is entirely relative. (Resp. at 19.) *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (finding no general jurisdiction over defendant that owned over 2,000 miles of railroad track and employed more than 2,000 employees in the state). Perkins Coie is not organized, and does not maintain its principal place of business, in Illinois. It is an international law firm and limited liability partnership with twenty offices worldwide and partners in at least twelve different

states and three different countries. (Compl. ¶ 15.) *See also* Perkins Coie, Offices, https:www.perkinscoie.com/en/offices/index.html; *Incandela v. Great-West Life & Annuity Ins. Co.*, No. 07-cv-7051, 2010 WL 438365, at *5 (N.D. Ill. Feb. 4, 2010) ("The Seventh Circuit has taken judicial notice of information presented on reliable websites.") Indeed, Perkins Coie's Chicago, Illinois office houses fewer than 15% of the firm's attorneys. (Compl. ¶ 15; Resp. at 10.) Considering the firm's total number of offices, partners, and out-of-state business, these Illinois contacts are not the kind the Supreme Court had in mind when it described the exceptional case to the paradigmatic rule.

Plaintiffs' DNC arguments fare no better. Although Plaintiffs admit the DNC is a national committee incorporated and headquartered in Washington D.C., they argue that it is nevertheless "at home" in Illinois. (*Id.* ¶ 14.) Specifically, Plaintiffs allege that the DNC "has a historical pattern of making its principal place of business in Chicago." (Compl. ¶ 25.) Plaintiffs further allege that the DNC moved its "main operations" to Chicago for the Obama campaign in 2008 and "continued to conduct significant operations from its Chicago offices" through President Obama's tenure and the 2016 presidential election. (*Id.*) But it is not the DNC's historical contacts that matter. The relevant contacts are those in January 2020—the time Plaintiffs brought this action. *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002) ("[J]urisdiction is normally determined as of the date of the filing of the suit."). The fact that the DNC "invited its staffers to relocate to Chicago" in 2008 to assist with the Obama campaign does not make it "at home" in Illinois in 2020. (Resp. at 21.) Such an interpretation would result in an "exorbitant exercise[] of all-purpose jurisdiction." *Daimler*, 571

U.S. at 139. General jurisdiction is not warranted under this basis.

Finally, Plaintiffs argue that previous in-state court appearances from Perkins Coie and the DNC constitute purposeful availment, giving rise to general jurisdiction. Plaintiffs cite and the Court "is aware of no authority for the 'dubious proposition' that being a party to some number of lawsuits in a State can create general jurisdiction over that party in that State." *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 750 (N.D. Ill. 2018) (citing *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1025 (N.D. Ill. 2004)). Courts in this district "that have considered that proposition have rejected it, and rightly so." *Al Haj*, 338 F. Supp. 3d at 751 (collecting cases). The Court will not depart from its peers on this point. There is no general jurisdiction over Perkins Coie or the DNC.

### 2. *Specific Jurisdiction*

"Specific jurisdiction is very different." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). It "is a more limited assertion of jurisdiction and exists for controversies that 'arise out of' or 'relate to' a defendant's forum contacts. *Snyder v. Komfort*, No. 07 C 1335, 2007 WL 9815867, at *3 (N.D. Ill. June 7, 2007) (citing *Hyatt Int'l*, 302 F.3d at 713). Specific jurisdiction applies only "if the defendant has purposefully directed . . . activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations and quotations omitted).

Plaintiffs do not offer any facts that suggest the Defendants' alleged acts were purposefully directed at Illinois nor that their suit-related conduct had a substantial connection with Illinois.

The Complaint alleges that Defendants hired a commercial research and strategic intelligence firm based in Washington D.C., Fusion GPS, to conduct political opposition research that led to the 2016 publication of allegedly defamatory news articles about Plaintiffs, who are all Oklahoma residents. These allegations do not involve Illinois at all. *See Sunny Handicraft (H.K.) Ltd. v. Edwards*, 2017 WL 1049842, at *6 (N.D. Ill. Mar. 20, 2017) (finding no showing of personal jurisdiction because "[n]owhere in Plaintiffs' filings do they claim that they felt these injuries in Illinois, much less that Defendants had knowledge that Plaintiffs would be injured in Illinois as a result of Defendants' conduct"). On its face, the Complaint fails to establish an Illinois connection.

Yet, Plaintiffs attempt to establish personal jurisdiction via seemingly intertwined agency and conspiracy theories of jurisdiction. Conspiracy theories of jurisdiction are not viable under Seventh Circuit and Illinois law. *See Smith v. Jefferson Cty. Bd. of Educ.*, 2010 WL 2232687, at *2 (7th Cir. June 3, 2010) (citing Illinois case law). Although agency theories of jurisdiction are viable, *see, e.g.*, *Hang Glide USA, LLC v. Coastal Aviation Maintenance, LLC*, No. 16 C 6905, 2017 WL 1430617, at *4 (N.D. Ill. Apr. 18, 2017) (citing 735 Ill. Comp. Stat. 5/2-209(a)), Plaintiffs fail to establish jurisdiction over any individual Defendant such that jurisdiction could impute to others. *See id.* (analyzing whether the conduct of an agent, "someone as to whom Illinois jurisdiction has been established," could render the principal subject to personal jurisdiction); *see also ABN AMRO, Inc. v. Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 821 (N.D. Ill. 2008) ("the forum-related activities of an agent and a subagent are imputable to the principal and are counted as the principal's contacts for jurisdictional purposes").

The Court struggles to see how Plaintiffs' Complaint establishes any relevant connection to Illinois. The only potentially helpful claim—that Defendants "orchestrated" their relationship with Fusion GPS through Perkins Coie's Chicago office (Compl. ¶ 20)—is baseless conjecture. Plaintiffs persist and argue that several allegations support this alleged Chicago, Illinois connection, including: (1) the DNC employed Perkins Coie to fund Fusion GPS (*Id.* ¶ 40; Resp. at 16); (2) Perkins Coie's Chicago-based general counsel wrote a letter to Fusion GPS's general counsel about an October 2017 House of Representatives subpoena to Fusion GPS that "discussed unique specifics of Perkins Coie's relationship with Fusion GPS, the DNC, and the Clinton campaign," which would have required the firm's Chicago-based general counsel to consult with the DNC (Compl. ¶ 21); and (3) Perkins Coie's political law group, led by Defendant Marc Elias, represented former Illinois resident Barack Obama as early as 2006, represented Obama for America, which is headquartered in Chicago, and uses some of the firm's Chicago associates to do its work. (*Id.* ¶ 23; Resp. at 17.) Even if assumed true, this patchwork of unrelated Illinois connections does not establish specific personal jurisdiction over any Defendant in this case. Frankly, the Court is confused as to how Plaintiffs think it does, especially when many of the allegations wholly relate to non-party Illinois connections. These efforts to blow smoke cannot obscure the obvious—Plaintiffs' claims consist entirely of out-of-state activity by out-of-state actors.

Finally, Plaintiffs ask the Court to grant jurisdictional discovery. For such discovery, "the plaintiff must establish a colorable or prima facie showing of personal jurisdiction." *Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014) (citation omitted). "Although the

standard . . . is low, courts will not permit discovery based only upon bare, attenuated, or unsupported assertions of personal jurisdiction . . . ." *Id.* (quotations and citations omitted). Such is the case here. Plaintiffs argue that the letter in response to the October 2007 House of Representatives subpoena and the fact that some Chicago associates work for Elias "clearly demonstrate[s] the likelihood of additional contacts in Illinois." (Resp. at 19.) The Court disagrees. As previously discussed, those allegations are too attenuated and do not warrant jurisdictional discovery. Plaintiffs' failure to explain the scope of the discovery they seek or the specific information they hope to uncover further supports this decision. The Court will not authorize a fishing expedition.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 26) is granted.

**IT IS SO ORDERED.**

                                                              _____
                                                                       Harry D. Leinenweber, Judge
                                                                       United States District Court

Dated: 8/17/2020